WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heary Bros. Lightning Protection Co., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> East Coast Lightning Equipment, Inc., <br><br> Defendant. | No. cv-96-2796-PHX-ROS <br><br> **ORDER** |

Before the Court is Heary Brother's Lightning Protection Co., Inc.'s Notice re Plaintiff's Actions to Comply (Doc. 465) and East Coast Lightning Equipment, Inc.'s Objections to Plaintiff's Notice (Doc. 466). nHaving reviewed these documents, the Court rules that Heary Brothers must modify in part its actions taken to comply with the injunction.

Heary Brothers has previously been enjoined from "advertising that they sell a lightning protection system utilizing air terminals that provide a measurable zone of protection, greater than systems installed in accordance with NFPA 780," a particular standard for the installation of lightning protection systems promulgated by the National Fire Protection Association. In its October 10, 2008 Order, this Court ruled that Plaintiffs

> may not conduct [their] advertising in such a way that it leaves an impression that the measurable zone protected is greater than NFPA 780 systerms. In this case, that might mean including a specific disclaimer to that effect. While Plaintiffs do currently include the text of the Court's injunction on their website, they fail to provide similar context within their printed promotional materials and thus fail to counter the implications of their statements.

In response to this finding, Heary Brothers stated in its Notice of Actions taken to Comply with the Court's October 10, 2008 Order that it has added a disclaimer to its product information stating:

> This Manufacturer's standard is based upon Heary Bros.' 30 years experience in designing lightning protection systems. Because of the lack of a complete understanding of the interaction between lightning and ground based objects and the lightning attachment process, the number and placement of air terminals set forth in this Manufacturer's standard is based solely on Heary Bros.' experience and its air terminals and the configuration of those terminals have not been scientifically proven or guaranteed to have a measurable zone of protection. Consumers should be aware that the NFPA, in issuing its standard for lightning protection, NFPA 780 states that the NFPA "does not independently test, evaluate or verify the accuracy of any information or the soundness of any judgments in its codes and standards.

A shorter version of this disclaimer will appear in materials describing various levels of protection and which reference the spacing or number of air terminals required for Heary Brothers' configuration. Heary Brothers is not proposing to change the wording of its product guarantee, noting that with the disclaimer added the guarantee can no longer be interpreted as guaranteeing a specific, scientifically proven zone of protection.

Defendant East Coast responds that the injunction actually prohibits Heary Brothers from advertising its proposed configuration based on its "own purported field experience derived from 25 years of selling ESE products," stating that this Court found Plaintiffs were being "misleading in the extreme" for interpreting the Ninth Circuit Court of Appeals. Accordingly, it writes, "it would be impossible for Plaintiffs to advertise their [Early Streamer Emission ("ESE") Air Terminals] without making claims that each terminal provides greater protection, because that is the only way they can justify deviating from the recommendations in NFPA 780."

In fact, this is an overly broad summation of the Court's October Order. The Ninth Circuit has, in its review of this case, noted that

> the injunction does not prevent any truthful advertising concerning the plaintiffs' experience with ESE systems, compliance with foreign standards, or availability of insurance guarantees, as long as they do not use such evidence to support claims that ESE systems provide a measurable zone of

protection greater than NFPA 780 systems or that ESE systems can protect open spaces.

Heary Bros. Lightning Prot. Co. v. Lightning Prot. Inst., 262 Fed. Appx. 815, 817 (9th Cir. 2008). This Court held that Heary Brothers' unqualified statements of guarantee for larger areas than the NFPA 780 violated the injunction's provisions barring Heary Brothers from advertising in such a way to leave an impression "they sell a lightning protection system utilizing air terminals that provide a measurable zone of protection." The key word, the Court believes, is "measurable." Nothing prevents Heary Brothers from advertising or warranting its lightning control systems over a certain area. It simply must not give the impression that that area is a scientifically tested or proven one. Heary Brothers' disclaimer, which must be included whenever text giving rise to such an implication occurs, can counter such an assumption.

Even if East Coast's position that it is impossible for Plaintiffs to advertise their ESEs without violating the terms of the injunction was supported by the text of the injunction, such an interpretation would pose problems. False or misleading commercial speech is clearly "subject to restraint." Bates v. State Bar of Arizona, 433 U.S. 350, 383 (1977). However, an injunction that is broader than necessary may also raise First Amendment concerns. See, e.g., U-Haul International, Inc. v. Jartran, Inc., 793 F.2d 1034, 1042 (9th Cir. 1986). This Court's initial finding with respect to Heary Brothers' advertising was that "Plaintiffs' claims that their [ESE] products provide a measurable zone of protection and protect against lightning strikes in open spaces are not supported by tests sufficiently reliable to support those claims." If Heary Brothers disclaims any text that gives rise to an implication that such tests might exist, it is restraining its advertising in the manner required by the specific findings of this Court.

However, East Coast also argues that the text of Heary Brothers' disclaimer is misleading because it states that the NFPA 780 standard is not accurate thus implying, East

- 3 -

Coast argues, that any deviation from the standard is irrelevant. Heary Brothers responds that it is a truthful statement and thus falls within its right to engage in truthful advertising.

In its discussion of the effect of the language, East Coast is entirely correct. The quoted language, placed in the context that it does, significantly weakens the effect of the disclaimer and appears to have no other purpose than to do so. Under ordinary circumstances Heary Brothers may be correct that, as a technically true statement, it cannot be prohibited from making it in its advertising. However, if Heary Brothers chooses to comply with the injunction by disclaiming language that would otherwise be in violation, those disclaimers must be free of language that blunts and – in essence – disclaims them. Enforcing the injunction in this manner does not impinge on Heary Brothers' First Amendment rights. If it chooses to eliminate statements found literally false under the Lanham Act, it may then include whichever truthful statements about NFPA 780 that it likes. While it chooses to continue using those false statements in its advertising however, it may not do so without appropriately disclaiming them.

East Coast's argument that product guarantees and insurance coverage cannot be advertised under the injunction fails. It may offer whatever guarantees it wants as long as it is clear that this is an internal guarantee of the company rather than one supported by scientific evidence.

Finally, East Coast asks that Heary Brothers be ordered to guarantee to the Court that its agents, distributors and/or others marketing, selling, and re-selling its products will comply with the injunction and that Plaintiffs provide the Court with a list of such entities and copies of their promotional materials. However, East Coast has not made a *prima facie* showing that any such entities are violating the terms of the injunction and the Court has no authority, and neither the time nor the inclination to micromanage their advertising in the absence of such a showing.

Accordingly,

**IT IS ORDERED** Heary Brothers shall, within 30 days of this Order, revise its proposed advertising in accordance with this opinion. Failure to do so shall result in citation for contempt of court.

**FURTHER ORDERED** as the document in question was not relevant to the Court's decision, Heary Brothers' Motion to Strike (Doc. 473) is **DENIED** as moot.

DATED this 16th day of July, 2009.

_____
Roslyn O. Silver
United States District Judge