**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heary Bros. Lightning Protection Company Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> East Coast Lightning Equipment Incorporated, <br><br> Defendant. | No. CV-96-02796-PHX-DLR <br><br> **ORDER** |

Defendant East Coast Lightning Equipment, Inc. ("East Coast") moves for an order compelling compliance with the injunction in this action, and to reopen the case for limited discovery into additional violations of the injunction.[1] (Doc. 478.) The motion is fully briefed.[2] (Docs. 487, 488.) For the reasons below, East Coast's motion is granted.

**I. Background**

Manufacturers and distributors of lightning protection systems, including Plaintiff National Lightning Protection Corporation ("NLPC"), brought this action against industry trade associations and competitors, asserting violations of Sherman Act, Lanham Act, and state law in connection with the trade associations' failure to adopt a standard for Early

---

[1] East Coast's motion is brought against Plaintiff National Lightning Protection Corporation only.

[2] Neither party requested oral argument, and after reviewing the parties' briefing and the record, the Court finds oral argument unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

Stream Emissions ("ESE") lightning protection systems. East Coast, NLPC's competitor, filed a counterclaim alleging false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

In October 2003, the Court granted summary judgment in favor of East Coast on its § 43(a) claims, finding that NLPC's advertisements were "literally false" because the tests on which NLPC bases its advertising claims are not sufficiently reliable to establish that NLPC's ESE air terminal products provide an enhanced zone of protection within a specific, measurable radius and protection against lightning strikes in open spaces. (Doc. 341 at 45-56.)

In October 2005, the Court enjoined NLPC and its "successors, officers, agents, employees, dealers, distributors, . . . and [] all persons, partnerships or corporations in present or future active concert or participation" with NLPC from the following:

> (1) . . . advertising that [it] sell[s] a lightning protection system utilizing air terminals that provide a measurable zone of protection, greater than systems installed in accordance with NFPA 780;[3] and/or that the system can function effectively to protect open spaces; and
>
> (2) . . . advertising that [it] sell[s] an "improved," "enhanced," or "more efficient" lightning protection system utilizing air terminals that rely on calculations of an enhanced range of protection; and
>
> (3) . . . advertising that any "enhanced" air terminal system manufactured, marketed, and/or sold by [NLPC] . . . including but not limited to the [ESE] air terminal product . . .
>
> > (a) is accepted by Underwriters Laboratories ("UL") . . . [or] the National Electric Code ("NEC");
> >
> > (b) has been tested and certified by a private testing lab to provide a measurable zone of protection greater than systems installed in conformance with NFPA 780;
> >
> > (c) is able to protect open areas, including but not limited to amusement parks, golf courses, stadiums, and playing fields.

(Doc. 391 at 2-3.) The Court's injunction was affirmed on appeal. *Heary Bros. Lightning*

---

[3] NFPA 780 is a standard for the installation of lightning protection systems promulgated by the National Fire Protection Association. (Doc. 464 at 2 n.1.)

*Protection Co., Inc. v. Lightning Prot. Inst.*, 262 Fed. App'x 815, 817 (9th Cir. 2008).

The Court retained jurisdiction over the action to monitor compliance with the injunction. (Doc. 391 at 4.) In January 2006, East Coast filed a motion to compel compliance, which was denied. (Docs. 431, 449.) East Coast again filed a motion to compel compliance in June 2008, which the Court granted, requiring that NLPC comply with the injunction or be held in contempt and sanctioned in the form of damages and attorneys' fees. (Doc. 464.)

On May 25, 2018, East Coast filed yet another motion to compel compliance with the Court's injunction and reopen the case to permit further discovery, which is presently before the Court. (Doc. 478.)

## II. Discussion

East Coast's argument is threefold. First, East Coast contends that NLPC's website is non-compliant with the Court's injunction because it falsely advertises that its products protect open spaces. Next, East Coast asserts that NLPC violates the injunction by impermissibly adverting that its ESE air terminals are UL certified. Alternatively, East Coast seeks limited discovery on the issue. Finally, East Coast argues that the Court should reopen the case for limited discovery into whether NLPC is improperly advertising that installation of its ESE system is UL certified. The Court discusses each in turn.

### A. Open Areas

East Coast argues that NLPC's website improperly implies that its "Prevectron device protects open areas," by listing all locations in which its devices have been installed. (Doc. 488 at 5.) On appeal, the Ninth Circuit stated: "the injunction does not prevent any truthful advertising concerning [NLPC's] experiences with the ESE systems . . . as long as [NLPC] do[es] not use such evidence to support claims that ESE systems . . . can protect open spaces." *Lightning Prot. Inst.*, 262 Fed. App'x at 817. The injunction defines the term "open spaces" as "including but not limited to amusement parks, golf courses, stadiums, and playing fields." (Doc. 391 at 2-3.)

East Coast does not argue that NLPC's lists are inaccurate. Rather, East Coast

contends that, inconsistent with the injunction, NLPC offers the lists as evidence to support claims that its ESE systems can protect open spaces. (Doc. 478 at 11.) For example, on NLPC's website, under the header "Partial List of Prevectron Users," and sub-header "Stadiums," NLPC provides a list of over twenty college and professional stadiums in which it has installed its ESE system. (Doc. 478-3 at 3-4.) Similarly, under the sub-header "Entertainment, Resorts, and Hotels," NLPC lists numerous golf courses (i.e., Pine Meadows Golf Club, PGA Championship Bellerive Golf Club), amusement parks (i.e., Sea World, Highland Hills Water World), and hotels (i.e., Marriot Star Pass Resort) where Prevectron has been installed. (*Id.* at 5-7.)

The Court agrees that NLPC's user list is intended to serve as testimonial evidence of its products ability to protect open spaces. NLPC argues that its list does not violate the injunction because it "makes no statements . . . regarding the efficacy of any completed installations on its website." (Doc. 487 at 7.) The injunction, however, expressly prohibits advertising, "whether explicitly or *implicitly*." (Doc. 391 at 2) (emphasis added). The implication from the list is that its system successfully protected the location where it was installed. Therefore, the Court finds NLPC's "Partial List of Prevectron Users" is non-compliant with the injunction.

### B. UL Certified Component Parts

Next, East Coast argues that NLPC violated the injunction by advertising that its ESE air terminals are UL certified. Specifically, NLPC's website states that its TS25, 3 S40, 3 S60, and 3 S60TC ESE air terminals are UL certified. (Docs. 478-4; 478-6.) East Coast highlights that this type of advertisement directly contradicts the Court's injunction, which prohibits NLPC from advertising that its ESE systems, "including but not limited to the [ESE] air terminal product," is "accepted" by UL and "provide[s] a measurable zone of protection greater than systems installed in conformance with NFPA 780." (Doc. 391 at 2-3.)

In response, NLPC argues that East Coast is "wrong that the injunction can be interpreted by this Court to bar NLPC from truthfully stating that component parts in its

ESE system of are certified by UL . . . ." (Doc. 487 at 9.) In support, NLPC relies on the Court's September 13, 2005 ruling on the parties' proposed forms of injunction, which states: NLPC "may not be enjoined from truthful advertising that component parts of the ESE system are listed with UL, as long as that advertising is not done in a manner that reasonably implies that UL has endorsed the system as a whole . . . ." (Doc. 388 at 8.) NLPC also relies on language from the Ninth Circuit's opinion: "the injunction does not prevent any truthful advertising concerning . . . compliance with foreign standards . . . as long as [NLPC] do[es] not use such evidence to support claims that ESE systems provide a measurable zone of protection greater than NFPA 780." *Lightning Prot. Inst.*, 262 Fed. App'x at 817.

The express language of the injunction, which was issued after the September 2005 ruling cited by NLPC, clearly contemplates that NLPC shall not market its ESE air terminals as UL certified. The Ninth Circuit upheld the scope of this injunction on appeal. Nevertheless, NLPC unpersuasively attempts to sow seeds of inconsistency where none exist. Based on the language of the Court's September 2005 ruling on the proposed forms of injunction and its October 2005 injunction, it is clear that the Court contemplated ESE air terminals to be a product and not a component part. This understanding is consistent both with the fact that the air terminals have component parts, including internal circuits, a central rod, and self-testing remotes (Docs. 478-4; 478-6), and with the Court's prior orders.

For instance, in ruling on East Coast's 2008 motion to compel, the Court found that NLPC's display of the Applied Research Laboratories logo, and the accompanying statement "Listed and Factory Inspected Components by Applied Research Laboratories" with its Preventor 2005 did not violate the injunction. (Doc. 464 at 4.) The Court reasoned that the "Applied Research Laboratories certification—which specifies that *components* were inspected—is specific enough to not constitute a claim that Applied Research Laboratory is endorsing" the entire product. (*Id.*) Unlike with the Preventor 2005 advertisement, NLPC is now advertising that the entire air terminal is UL certified.

Moreover, NLPC expressly advertises that its ESE air terminals are "certified by Underwriters Laboratories (UL) to fully conform to NF C 17-102" which purports to have a measurable zone of protection greater than NFPA 780. (Docs. 478-7; 478-8; 478 at 15); *See* http://www.theprotectionsource.com/Prevectron/prevectron.html. The Court therefore finds NLPC's advertisements that ESE air terminals are UL certified violates the injunction.

East Coast also asserts that NLPC's website improperly listed its Prevectron 3 S60TC device as UL certified under File E493371. (Doc. 478-4.) After East Coast's motion, but before filing its response in opposition, NLPC modified its webpage to state that the "S60TC combines the Prevectron S60 (UL File E493371) and the US-1585 self-test module." (Doc. 487 at 8-9.) For the same reasons explained above, NLPC's modification fails to cure its non-compliant advertisement, as it still improperly markets its ESE air terminal as UL certified in violation of the express language of the Court's injunction.[4]

### C. UL Certified Installations

Finally, East Coast argues that UL's program certifying installations of ESE systems "may violate the Court's injunction . . . thereby justifying" reopening the case for limited discovery. (*Id.* at 17.) "UL can now provide an Engineering Inspection Report for ESE systems installed in the USA using UL certified Early Streamer Emissions Air Terminals (ESEAT)." (Doc. 478-10 at 2.) In support, East Coast notes that the injunction, which prohibits advertising that the ESE system as a whole or its installation is UL certified,[5] applies to NLPC's "agents, employees, dealers, distributors, and . . . on persons, partnerships or corporations in present or future active concern or participation with [NLPC]. . . ." (Doc. 391 at 2.) Moreover, East Coast has offered evidence that a job

---

[4] East Coast's alternative request for discovery on whether the air terminal constitutes an ESE system or a component part for purposes of the injunction is denied because there already is sufficient evidence that NLPC's website violates the injunction.

[5] NLPC "may not be enjoined from truthful advertising that component parts of the ESE system are listed with UL, as long as that advertising is not done in a manner that reasonably implies that UL has endorsed the system as a whole, *or its installation*." (Doc. 388 at 8) (emphasis added).

- 6 -

specification for an NLPC ESE system requested a UL Engineering Inspection Report for the system's installation. (Doc. 488-2.) The Court grant's East Coast's request because there is sufficient evidence justifying limited discovery into UL's Engineering Inspection Report and NLPC's use of such in its advertising.

**IT IS ORDERED** that East Coast's motion to compel compliance and reopen the case for limited discovery into UL's Engineering Inspection Report and NLPC's use of such in its advertising (Doc. 478) is **GRANTED** as described herein.

**IT IS FURTHER ORDERED** that NLPC shall, within **30 days** of this order, revise its advertising in accordance with this order. Failure to comply with the Court's order may result in NLPC being held in contempt and sanctions may be imposed, including damages, attorneys' fees, and costs.

**IT IS FURTHER ORDERED** that the parties shall appear telephonically on **February 21, 2019 at 9:00 a.m.** in Courtroom 606, 401 West Washington Street, Phoenix, AZ 85003 before Judge Douglas L. Rayes to discuss parameters of discovery. Counsel for Plaintiff is responsible for making the necessary arrangements for the conference call. All parties participating in the conference call shall do so via a landline only. The use of cellular phones will not be permitted.

Dated this 13th day of February, 2019.

Douglas L. Rayes
United States District Judge